Ronald Gene Phillips Jr.

2200 Mullan Road

Missoula, MT 59808

Telephone: (406) 927-6256

Email: ronphillips682@gmail.com

Plaintiff, self-represented

FILED

SEP 21 2026
Clerk, U.S. Courts
District of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

RONALD GENE PHILLIPS JR., Plaintiff,

v.

OFFICER FONTE and CITY OF BILLINGS, Defendants.

**Case No. CV 25-97-BLG-TJC**

**PRELIMINARY PRETRIAL STATEMENT OF PLAINTIFF**

Plaintiff submits this statement under Doc. 20 and D. Mont. L.R. 16.2(b)(1) for the October 1, 2026 conference set by Doc. 22. Facts stated are Plaintiff's contentions unless identified as Defendants' admissions. This statement does not amend the operative complaint.

**A. Factual outline**

On the evening of July 4, 2024, Plaintiff recorded from the public sidewalk outside Alpha House near 104 North 31st Street in Billings while waiting for a rideshare. Plaintiff contends that he remained in public space, did not interfere with police activity or facility operations, and was engaged in protected recording and speech. Earlier that same evening, Plaintiff had two prior encounters with Officer Fonte while conducting First Amendment audit and copwatching activity in public: first while filming Officer Fonte directly, and second while observing and recording officers making an arrest. By the third encounter at Alpha House, Plaintiff had concluded his audit activity for the evening and was waiting for his rideshare when he chose to record and attempt to speak with Alpha House residents.

Officer Fonte responded to a complaint about the filming, requested Plaintiff's identity, and arrested him for obstruction after he declined to identify himself. Defendants admit these events and the earlier contact between Plaintiff and Fonte that evening. They also admit that Plaintiff was handcuffed, placed in a patrol vehicle, and transported to the Yellowstone County Detention Facility. Answer (Doc. 16), Section III.C.

Plaintiff contends that the detention and arrest lacked lawful grounds and were motivated by his protected activity. He alleges that officers kicked his feet apart, applied painful handcuffs, and pushed him into a patrol car despite his lack of

resistance. He reports that the cramped and twisted position in the rear seat put pressure on his preexisting back condition and caused pain. Defendants deny unlawful arrest, excessive force, and constitutional injury.

**B. Jurisdiction and venue**

Federal jurisdiction arises under 28 U.S.C. sections 1331 and 1343(a)(3) because Plaintiff seeks relief under 42 U.S.C. section 1983 for First and Fourth Amendment violations. Venue is proper under 28 U.S.C. section 1391(b)(2) and D. Mont. L.R. 3.2 because the challenged conduct occurred in Billings, Yellowstone County, Montana.

**C. Factual basis of the claims**

The unlawful-seizure claim concerns the objective facts known before the stop, identification demand, and arrest. The retaliation claim concerns Plaintiff's recording and speech, Fonte's knowledge of that activity from the two earlier encounters that evening, and the reason for the arrest. The force claim concerns the specific force used, the absence of resistance or threat alleged by Plaintiff, and the resulting pain and other harm.

City discovery concerns the pre-incident training and practices governing recording, identification demands, obstruction arrests and force. The later OPS disposition alone cannot establish a policy causing the earlier arrest. Doc. 9 at 18.

Plaintiff's claims against the City are grounded in an alleged failure to train or supervise officers regarding investigatory stops, identification demands, and the use of force during First Amendment-protected recording, as set out in the operative Amended Complaint.

**D. Legal theories**

An identification detention must satisfy the Fourth Amendment, and a warrantless arrest must have a lawful basis. Plaintiff relies on Brown v. Texas, 443 U.S. 47, 50-53 (1979), and United States v. Landeros, 913 F.3d 862, 868-70 (9th Cir. 2019), as discussed in Doc. 9 at 7-11.

Plaintiff contends that his protected speech and recording motivated an arrest without probable cause. The retaliatory-arrest framework is addressed in Nieves v. Bartlett, 587 U.S. 391, 398-404 (2019). The force claim is governed by the objective-reasonableness inquiry in Graham v. Connor, 490 U.S. 386, 395-97 (1989).

Any municipal claim requires proof of a policy or custom that caused the constitutional injury; employment of the officer alone does not establish liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 694 (1978). Fonte asserts qualified immunity in Defense 4 of the Answer. Plaintiff contests that defense and anticipates addressing the specific facts and clearly established law after appropriate discovery.

**E. Damages computation**

Plaintiff seeks compensation for the harm caused by the challenged conduct, subject to the relief requested in the operative amended complaint. The current computation is:

1. Missed Lyft ride: $5.00, calculated as one missed-ride loss of $5.00. Supporting information: Plaintiff's testimony.

2. Medical history and incident-related treatment expenses: Plaintiff has a preexisting lower-back condition and previously underwent an L5-S1 discectomy. He reports needing further surgery for the same condition but does not presently attribute the underlying condition or the need for that surgery to this arrest. Plaintiff did not seek medical treatment as a result of the arrest and claims no treatment expenses.

3. Other economic losses: none identified beyond the $5.00 Lyft loss. Total economic losses: $5.00.

4. Noneconomic harm: physical pain, emotional distress, and loss of liberty. Plaintiff estimates that he was detained for approximately 90 minutes. He reports that tight handcuffs and the cramped rear seat of the patrol vehicle left him twisted, leaning, and scrunched into a position that put pressure on his lower back and caused pain during custody that continued through the following day before subsiding; he did not seek treatment for this pain. Plaintiff also reports emotional

distress from being arrested on July 4th while exercising what he understood to be his constitutional freedoms, and continues to fear retaliation for exercising his rights in the future. Supporting information includes Plaintiff's testimony and any corroborating recordings or records identified in his disclosures.

Total compensatory amount presently sought: to be determined by the trier of fact, based on the economic loss identified above and the noneconomic harm described. Plaintiff seeks punitive damages against Fonte individually, if supported by the pleaded claim and the required proof, together with recoverable costs and interest. He does not seek punitive damages against the City under section 1983. Plaintiff will timely supplement computations and supporting materials under Rule 26(e).

**F. Related litigation**

The July 4, 2024 arrest resulted in a charge of obstructing a peace officer in Billings Municipal Court. Plaintiff attempted on prior occasions to obtain the status of that charge by phone and was told the record could not be located. Defendants' September 17, 2026 Preliminary Pretrial Statement represents that a warrant issued for failure to appear and that the charge was "eventually dismissed." Plaintiff has not yet independently confirmed this through the Municipal Court and will supplement this statement once confirmed.

**G. Proposed stipulations and applicable law**

Plaintiff proposes stipulations concerning the date and location, Fonte's employment and action under color of state law, the complaint about filming, the request for identification and refusal, the obstruction arrest, and the transport to the detention facility. These proposed facts track admissions in Doc. 16, Sections II.D and III.A-C. Only facts expressly agreed upon by all parties will be presented as stipulated facts.

Plaintiff understands federal law to govern the section 1983 claims, with relevant Montana arrest and obstruction statutes considered in determining the claimed justification for the seizure. Any agreement by Defendants concerning applicable law remains to be confirmed.

**H. Proposed deadlines**

Counsel's revised Joint Discovery Plan dated September 17, 2026, which Plaintiff reviewed and approved before filing, proposes October 16, 2026 for motions to amend or join parties; January 29, 2027 for both sides' liability experts and Plaintiff's damages experts; February 26, 2027 for defense damages experts; and April 30, 2027 for completion of discovery. Plaintiff requests clarification of the defense damages expert date in light of the thirty-day interval in Doc. 20, paragraph 4. The Court will establish the schedule.

**I. Issues potentially suitable for pretrial decision**

Potential issues include the legal sufficiency of the grounds for detention and identification; probable cause for obstruction; the role of protected activity; the reasonableness of the force used; qualified immunity; and the factual and causal basis for City liability. Plaintiff requests an opportunity to obtain relevant evidence before these issues are resolved on a factual record.

**J. Persons with relevant information**

Ronald Gene Phillips Jr., Missoula, Montana, has knowledge of the encounters, recording, arrest, custody, and claimed injuries and losses. His current contact information appears above.

Officer Fonte has knowledge of his observations, prior contact with Plaintiff, instructions, grounds for detention and arrest, and force used. His residence is unknown to Plaintiff; his professional location was Billings, Montana. Contact may be made through defense counsel.

Other responding officers, the Alpha House caller and eyewitnesses, relevant dispatch personnel, and custody personnel have information concerning the reported conduct, communications, arrest, force, and detention. Their identities and residences are not yet established in the available materials and will be supplemented when learned.

Captain Harper and Captain Brian Krivitz are identified in the August 1, 2025 OPS disposition letter concerning Complaint C24-64. They may have information about

that investigation and the records reviewed. Their residences are unknown; the letter identifies their business affiliation as the Billings Police Department.

**K. Insurance**

Defendants' Initial Disclosure identifies that the City of Billings is a member of a self-funded risk pool, the Montana Municipal Interlocal Authority (MMIA), which is providing a defense subject to a reservation of rights. Plaintiff is not aware of any additional insurance or indemnification agreement.

**L. Settlement**

No settlement discussions have occurred to date. Plaintiff is willing to negotiate in good faith through any reasonable means and to participate in a court-ordered settlement conference.

**M. Special procedures**

Plaintiff requests that discovery proceed without phasing and that the parties use accessible means to exchange electronic evidence. Expert testimony has not yet been determined. Plaintiff will identify any request for special procedures or accommodations as the need becomes known.

**N. Electronic evidence and preservation**

The revised Joint Discovery Plan permits secure cloud-based sharing or USB at the producing party's election. Relevant evidence includes original recordings and

metadata, dispatch and 911 records, police and custody records, Alpha House surveillance, OPS records and incident-related communications. Plaintiff requests preservation and discovery concerning availability; no destruction is presumed.

Dated: 9-21-2026

[signature]

Ronald Gene Phillips Jr., Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on 9-21-2026, I served a true and correct copy of the foregoing document on both counsel listed below:

Harlan B. Krogh and Derek R. Graves

Crist, Krogh, Alke & Nord, PLLC

2708 First Avenue North, Suite 300

Billings, MT 59101

Method used (check one only after service occurs):

[ ] Hand delivery to counsel or an authorized person at their office.

[X] U.S. mail, postage prepaid, addressed to both counsel at the address above.

[ ] Email to hkrogh@cristlaw.com and dgraves@cristlaw.com, pursuant to their written consent to this method of service.

If served by email, written consent was given on: ____________________.

______________________________

Ronald Gene Phillips Jr.